**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| MAYAR ZOKAEI, §<br>    PLAINTIFF, §<br> §<br>v. §<br> §<br>FUNDAMENTAL SPORTS MANAGEMENT, LLC; §<br>ROE-BRG INVESTMENTS, LLC; RAHUL PATEL; §<br>GRANT GAINES; AND NICOLAS LAHOOD, §<br>    DEFENDANTS. § | CIVIL ACTION NO. 5:20-CV-00775<br>(JURY TRIAL DEMANDED) |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HON. U.S. DISTRICT JUDGE OF SAID COURT:

**COME NOW** Defendants Fundamental Sports Management, LLC; ROE-BRG Investments, LLC; Rahul Patel; Grant Gaines; and Nicolas Lahood (collectively, "**Defendants**") and file their Notice of Removal, respectfully showing the Court as follows:

### I. Statement of Case

1. On June 29, 2020, Mayar Zokaei ("**Plaintiff**") filed suit against Defendants in the 285th Judicial District Court of Bexar County, Texas, under Cause No. 2020 CI11759. A true and correct copy of the docket sheet and the only document filed in this lawsuit (i.e., the original petition) are attached hereto as Exhibits A and B. Among other causes of action, Plaintiff seeks recovery against Defendants under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("**FLSA**").

### II. Basis for Removal

2. This Court has jurisdiction over this removed action under the provisions of 28 U.S.C. § 1331 because Plaintiff seeks recovery under the FLSA. 28 U.S.C. § 1441. Removal to

the Western District of Texas, San Antonio Division is proper because the state court lawsuit is pending in Bexar County, Texas

### III. Removal is Timely Filed

3. None of Defendants have been served with process in connection with the state court lawsuit. Therefore, the deadline for removal has not yet begun to run. In any event, Plaintiff only commenced the state court lawsuit on June 29, 2020, and thus this notice of removal is timely filed.

### IV. Cover Sheets

4. Pursuant to 28 U.S.C. § 1446(a) and Local Rule CV-3, Defendants attach to this Notice of Removal their Civil Cover Sheet and Supplement to JS 44 Civil Cover Sheet (Cases Removed from State District Court). Defendants have not been served any process, pleadings, or orders at this time.

### V. Joinder by All Defendants

5. None of Defendants have been served. However, all Defendants join in and consent to this removal.

### VI. Related Case

6. This removed case is related to that civil action styled and numbered Fundamental Sports Management, LLC, et al. v. Zokaei; Civil Action No. 5:20-cv-00774; in the United States District Court for the Western District of Texas, San Antonio Division.

### VII. Jury Demand

7. Defendants respectfully demand a trial by jury.

## VIII.  Prayer

**WHEREFORE, PREMISES CONSIDERED**, Defendants file this notice to remove the state court lawsuit to this Court.

                                          Respectfully submitted,

                                          **PATEL GAINES, PLLC**
                                          221 West Exchange Ave., Suite 206A
                                          Fort Worth, Texas 76164
                                          www.patelgaines.com
                                          (817) 394-4844 | Telephone
                                          (817) 394-4344 | Facsimile

                                   By: */s/ Lance H. "Luke" Beshara*
                                          Lance "Luke" H. Beshara
                                          Texas State Bar No. 24045492
                                          lbeshara@patelgaines.com

                                          **ATTORNEY FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

I certify that on or before the date this document was filed with the Clerk of the Court, a true and correct copy was transmitted in accordance with the requirements of the Federal Rules of Civil Procedure, addressed as follows:

*Via ECF Service or Email*:
Husein Hadi
7100 Regency Square Blvd., Suite 140
Houston, Texas 77036

                                                         */s/ Lance H. "Luke" Beshara*
                                                         Lance H. "Luke" Beshara

# EXHIBIT A



# Case #2020CI11759

**Name**:

**Date Filed** : 6/29/2020

**Case Status** : PENDING

**Litigant Type** : DEFENDANT

**Court** : 285

**Docket Type** : EMPLOYMENT-TERMINATION

**Business Name** : 2020CI11759

**Style** : MAYAR ZOKACI

**Style (2)** : vs FUNDAMENTAL SPORTS MANAGEMENT LLC ET AL

# Case History

*Currently viewing all records*

| Sequence | Date Filed | Description |
|---|---|---|
| P00001 | 6/29/2020 | PETITION |

# EXHIBIT B

FILED
6/29/2020 1:56 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Annabelle Kung

Case 5:20-cv-00775   Document 1   Filed 07/03/20   Page 8 of 19

CAUSE NO. **2020CI11759**

| | | |
|---|---|---|
| **MAYAR ZOKAEI** § | | IN THE DISTRICT COURT |
| *Plaintiff*, § | | |
| § | | |
| v. § | | |
| § | | 285TH JUDICIAL DISTRICT |
| **FUNDAMENTAL SPORTS** § | | |
| **MANAGEMENT, LLC, ROE-BRG** § | | |
| **INVESTMENTS, LLC, RAHUL** § | | |
| **PATEL, GRANT GAINES, and** § | | OF BEXAR COUNTY, TEXAS |
| **NICOLAS LAHOOD** § | | |
| *Defendants.* § | | |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Mayar Zokaei ("Plaintiff") and files this, Plaintiff's Original Petition, complaining of Defendants Fundamental Sports Management, LLC (FSM), ROE-BRG Investments, LLC, Rahul Patel, Grant Gaines, and Nicolas Lahood ("Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff affirmatively pleads that he seeks monetary relief of $200,000.00 to $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney fees and intends that discovery be conducted under Discovery Level 3.

### PARTIES

2. Plaintiff, MAYAR ZOKAEI, is an individual residing in Wilsonville, Oregon.

3. Defendant, FUNDAMENTAL SPORTS MANAGEMENT, LLC ("FSM"), a Texas limited liability company, may be served pursuant to article 2.11(A) of the TEXAS BUSINESS CORPORATIONS ACT, or its successor statutes, sections 5.201 and 5.255 of the TEXAS BUSINESS ORGANIZATIONS CODE, by serving its registered agent Patel Gaines, at 2030 North Loop 1604

1

West, Suite 200, San Antonio, Texas 78248. Service of said Defendant as described herein may be effected by personal delivery.

4. Defendant, ROE-BRG Investments, LLC, a Texas limited liability company, may be served pursuant to article 2.11(A) of the TEXAS BUSINESS CORPORATIONS ACT, or its successor statutes, sections 5.201 and 5.255 of the TEXAS BUSINESS ORGANIZATIONS CODE, by serving its registered agent Grant M Gaines, at 14414 Blanco Road, Suite 320, San Antonio, Texas 78216. Service of said Defendant as described herein may be effected by personal delivery.

5. Defendant, Rahul Patel, is an individual residing in Bexar County, Texas who may be served with process at his place of business located at 2030 North Loop 1604 West, Suite 200, San Antonio, Texas 78248. Service of said Defendant as described above can be affected by personal delivery.

6. Defendant, Grant Gaines, is an individual residing in Bexar County, Texas who may be served with process at his place of business located at 2030 North Loop 1604 West, Suite 200, San Antonio, Texas 78248. Service of said Defendant as described above can be affected by personal delivery.

7. Defendant, Nicolas Lahood, is an individual residing in Bexar County, Texas who may be served with process at his place of business located at 14414 Blanco Road, Suite 320, San Antonio, Texas 78216. Service of said Defendant as described above can be affected by personal delivery.

**JURISDICTION AND VENUE**

8. The subject matter in controversy is within the jurisdictional limits of this court.

9. This court has jurisdiction over the parties because Defendants Rahul Patel, Grant Gaines, and Nicolas Lahood residents of the state of Texas.

10. Venue in Bexar County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

**FACTS**

11. Plaintiff began working for FSM on or about February 1, 2020. Plaintiff and Defendants' employment contract provided that Plaintiff was hired for a one-year duration. The agreement also provided that Plaintiff would be reimbursed for the expenses he incurred while fulfilling his employment duties. Plaintiff was hired to perform services for FSM under the managing members' direction and control, which meant that Plaintiff did as directed. Defendants Fundamental Sports Management, LLC (FSM), ROE-BRG Investments, LLC, Rahul Patel, Grant Gaines, and Nicolas Lahood specialize in NBA agent representations, sports marketing, brand development, legal representation, contract negotiation, and endorsements. According to its public website, FSM focuses on media, marketing, and management.

12. FSM has been extremely successfully, paying some its executive six figure salaries, making it a reasonable inference that FSM's total revenue exceed $500,000.00. Furthermore, FSM has agents and employees throughout the United States, which undoubtably shows they are engaged in interstate commerce.

13. As the managing members of FMS, Defendants ROE-BRG Investments, LLC, Rahul Patel, Grant Gaines, and Nicolas Lahood exercised control over and supervision of Plaintiff's job duties. FSM employs more than 2 employees to manage its operations.

14. On or about April 20, 2020, Plaintiff was wrongfully terminated by FSM. Defendants' did not pay Plaintiff for the time he worked for period ending in April. Furthermore,

Defendants did not reimburse Plaintiff for the expenses he incurred during his employment with Defendants.

15. The FLSA was enacted to correct and eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficacy and general well-being of workers …." 29 U.S.C. § 202. Towards this end, the FLSA set employment related requirements, including requirement to timely pay for work performed. 29 CFR § 790.21.

16. Defendants did not pay Plaintiff for the work he had already performed as required by 29 CFR § 790.21. Defendants knew or reasonably should have known that Plaintiff was not exempt from the provisions of the FLSA. Defendants knew or showed reckless disregard for whether its pay practices violated the FLSA.

17. Furthermore, Defendants knew that they had an employment contract with Plaintiff for the term of one year. Defendants knew that they could not terminate Plaintiff's contract without cause. Nevertheless, Defendant's wrongfully terminated Plaintiff.

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT ACTION FOR WRONGFUL TERMINATION OF EMPLOYMENT.

18. Plaintiff hereby incorporates all preceding paragraphs as if fully set forth herein.

19. Plaintiff brings this claim pursuant to *Lee-Wright, Inc. v. Hall*, 840 S.W.2d 572 (Tex. App.—Houston [1st Dist.] 1992).

20. Plaintiff's written employment contract provided that Plaintiff would be employed for a term of one year. Plaintiff performed the duties he was hired to perform. Nevertheless, Defendants wrongfully terminated him without cause prior to the end of the term of the contract.

21. Defendants' actions constitute a breach of contract for wrongful termination.

### SECOND CAUSE OF ACTION: BREACH OF CONTRACT ACTION

22. Plaintiff hereby incorporates all preceding paragraphs as if fully set forth herein.

23. Plaintiff brings this claim pursuant to *Paragon Gen. Contractors, Inc. v. Larco Constr., Inc.,* 227 S.W.3d 876, 882 (Tex. App.--Dallas 2007, no pet.)

24. Plaintiff had a contract with Defendants. As part of that contract Defendants were supposed to reimburse Plaintiff for the expenses he incurred while performing his job duties for Defendants. Plaintiff incurred expenses and timely presented those expenses to Defendants. Defendants have refused to reimburse Plaintiff for the expenses he has incurred.

25. Defendants' actions constitute a breach of contract.

**THIRD CAUSE OF ACTION: FAILURE TO PAY WAGES IN VIOLATION OF THE FLSA**

26. Plaintiff hereby incorporates all preceding paragraphs as if fully set forth herein.

27. Plaintiff brings this claim pursuant to 29 CFR § 790.21.

28. During his employment for Defendants, Plaintiff was an employee who was not exempt from payment of wages provisions of the FLSA. While Plaintiff was employed by FSM and under the direction of the managing members, Plaintiff and/or Defendants were engaged in interstate commerce.

29. Plaintiff pleads both individual and enterprise coverage under the FLSA.

30. As a nonexempt employee, Defendants were required to pay Plaintiff at the end of the pay period. 29 CFR § 790.21.

31. Defendants did not pay Plaintiff the wages he was due.

32. Defendants knew or showed reckless disregard for whether their pay practices violated the FLSA. In other words, Defendants willfully violated provisions of the FLSA.

33. To the extent Defendants violated other employment laws in connection with its employment of Plaintiff and the matters described herein, including FLSA retaliation, Plaintiff reserves the right to file appropriate charges or claims in this case or other venues as necessary.

## DAMAGES

34. Plaintiff hereby incorporates all preceding paragraphs as if fully set forth herein.

35. Under the Fair Labor Standards Act, Plaintiff is entitled to relief, including, but not limited to, payment of unpaid wages and an additional equal amount as liquidated damages. *See* 29 U.S.C. § 216(b).

36. Plaintiff is entitled to the actual damages resulting from Defendants' breach of contract.

37. Plaintiff is also entitled to all appropriate legal and equitable relief available under the common law, including recovery for non-pecuniary losses, such as pain and suffering.

38. Plaintiff is also entitled to an award of attorney's fees and costs under 29 U.S.C. § 216(b) and Tex. Civ. Prac. & Rem. Code § 38.001.

## NOTICE OF USE

39. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendants are hereby notified that Plaintiffs intends to use all documents produced by Defendants in response to written discovery in pretrial proceedings and trial. Defendants are required to assert any objection to the authenticity of any document Defendants produces within ten days of its production.

## REQUEST FOR DISCLOSURES

40. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that each and every Defendant disclose, within fifty (50) days of service of this request, the information and material described in Rule 194.2(a) through (l).

## DESIGNATED E-SERVICE EMAIL ADDRESS

41. The following is the undersigned attorney's designated e-Service email address for all e- served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a:

Litigation@TheHadiLawFirm.com. This is the undersigned's only e-Service email address, and service through any other email address will be considered invalid.

## REQUEST FOR DEPOSITION DATES

42. Pursuant to Rule 199 of the Texas Rules of Civil Procedure, Plaintiff request that each and every Defendant disclose, within fifty (50) days of service of this request, dates that Defendant is available for Plaintiff to take Defendant's deposition. Plaintiff request that each corporate Defendant provide dates that Defendant's corporate representative is available for Plaintiff to take Defendant's corporate representative's deposition.

## PRAYER

43. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that he have and recover judgment in his favor against Defendants Fundamental Sports Management, LLC, ROE-BRG Investments, LLC, Rahul Patel, Grant Gaines, and Nicolas Lahood for the following:

    a. All unpaid wages and expense reimbursements;

    b. an additional amount equal to Plaintiff's unpaid wages and expenses as liquidated damages pursuant to statute;

    c. all other forms of relief available to Plaintiff under the FLSA and the common law;

    d. reasonable attorney's fees for this action and for any and all appeals in this matter;

    e. pre- and post-judgment interest as allowed by law;

    f. costs of court for prosecuting Plaintiff's claim; and

    g. such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE HADI LAW FIRM, PLLC**

By: _____
Husein Hadi
Texas Bar No. 24067641
Jamil Thomas
Texas Bar No. 24066914
Carnegie H. Mims, III
Texas Bar No. 24046448
Sedrick Stagg
Texas Bar No. 24102815
7100 Regency Square Boulevard, Suite 140
Houston, Texas 77036
Tel:  (832) 433-7977
Fax:  (855) 423-4529
litigation@thehadilawfirm.com
**Attorneys for Plaintiff**

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

**DATE FILED: June 26, 2020**

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Mayar Zokaei

## DEFENDANTS
Fundamental Sports Management, LLC; ROE-BRG Investments, LLC; Rahul Patel; Grant Gaines; and Nicolas Lahood

**(b)** County of Residence of First Listed Plaintiff: Clackamas County, OR
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Bexar County, TX
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Husein Hadi / The Hadi Law Firm, PLLC
7100 Regency Square Boulevard, Suite 140, Houston, Texas 777036
(832) 433-7977

Attorneys *(If Known)*
Lance H. "Luke" Beshara / Patel Gaines, PLLC
2030 N. Loop 1604 W, Suite 200, San Antonio, Texas 78248
(210) 460-7787

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS - PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**TORTS - PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
*Habeas Corpus:*
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
*Other:*
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- [X] 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- [X] 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. 201, et seq.

Brief description of cause:
Plaintiff seeks recovery for alleged violations of the FLSA, among other claims.

## VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ 279,089.00
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: Unknown
DOCKET NUMBER: 5:20-cv-00774

DATE: 07/03/2020
SIGNATURE OF ATTORNEY OF RECORD: /s/ Lance H. "Luke" Beshara

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
San Antonio DIVISION

Supplement to JS 44 Civil Cover Sheet
Cases Removed from State District Court

This form must be filed with the Clerk's Office no later than the **first business day** following the filing of the Notice of Removal. Additional sheets may be used as necessary.

The attorney of record for the removing party **MUST** sign this form.

**STATE COURT INFORMATION**:

1.  Please identify the court from which the case is being removed; the case number; and the complete style of the case.

285th Judicial District Court of Bexar County, Texas; Cause Number: 2020CI11759; Zokaei v. Fundamental Sports Management, LLC, et al.

2.  Was jury demand made in State Court?  ☒ Yes   ☐ No

If yes, by which party and on what date?

Plaintiff                                                              6/29/2020
Party Name                                                       Date

**STATE COURT INFORMATION**:

1.  List all plaintiffs, defendants, and intervenors still remaining in the case. Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

Plaintiff: Mayar Zokaei
Plaintiff's attorney information: see ADDITIONAL COMMENTS
Defendants: Fundamental Sports Management, LLC; ROE-BRG Investments, LLC; Rahul Patel; Grant Gaines; and Nicolas Lahood
Defendants' attorney information: see ADDITIONAL COMMENTS

2. List all parties that have not been served at the time of the removal, and the reason(s) for non-service.

None of Defendants have been served. It is unknown why Plaintiffs have failed to request citation or serve Defendants.

3. List all parties that have been non-suited, dismissed, or terminated, and the reason(s) for their removal from the case.

n/a

**COUNTERCLAIMS, CROSS-CLAIMS, and/or THIRD-PARTY CLAIMS**:

1. List separately each counterclaim, cross-claim, or third-party claim still remaining in the case and designate the nature of each such claim. For each counterclaim, cross-claim, or third-party claim, include all plaintiffs, defendants, and intervenors still remaining in the case. Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

None at this time.

**VERIFICATION**:

| | |
|---|---|
| /s/ Lance H. "Luke" Beshara | 7/3/2020 |
| Attorney for Removing Party | Date |

Defendants
Party/Parties

(NOTE: Additional comment space is available on page 3)

Reset all fields     Print Form

**ADDITIONAL COMMENTS (As necessary)**:

Plaintiff's Attorney:

Husein Hadi
The Hadi Law Firm, PLLC
7100 Regency Square Boulevard, Suite 140
Houston, Texas 77036
Telephone: (832) 433-7977
Fax: (855) 423-4529

Defendants' Attorney:

Lance H. "Luke" Beshara
Patel Gaines, PLLC
2030 N. Loop W., Suite 200
San Antonio, Texas 78248
Telephone: (210) 460-7787
Fax: (210) 460-7797